United States District Court
Southern District of Texas
**ENTERED**
February 07, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> COMPLETE DRILLING SOLUTIONS, § <br>     Debtor. § <br> _____ § <br> § <br> JANET NORTHRUP, Chapter 7 § <br> Trustee for the Estate of Complete § <br> Drilling Solutions, LLC, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> ENERGY DRILLING SOLUTIONS, § <br> LLC and BARRY OLSEN, § <br>     Defendants/Appellants. § | **CIVIL ACTION NO. H-16-3457** <br><br><br><br><br><br> Adversary Case No. 15-3178 |

## MEMORANDUM AND ORDER

Energy Drilling Solutions, LLC and Barry Olsen filed this appeal from the United States Bankruptcy Court for the Southern District of Texas. Appellants failed to comply with the requirements of Bankruptcy Rule 8009(a)(1)(B), which provides that the Appellant shall file a designation of the items to be included in the record on appeal and a statement of the issues presented within 14 days after the appeal is filed. As a result, on December 21, 2016, the Clerk of Court gave written notice to Appellants that if these deficiencies were not cured within 14 days, the appeal could be dismissed without further notice. *See* Notice of Deficiency [Doc. # 2]. Appellants

failed to cure the deficiencies or to request additional time to do so. Therefore, the Court dismissed this appeal by Dismissal Order [Doc. # 3] entered January 6, 2017.

The case is now before the Court on Appellants' Motion to Vacate Dismissal [Doc. # 4], in which Appellants seek reconsideration of the Court's Dismissal Order. The Chapter 7 Trustee – Plaintiff in the underlying adversary proceeding – filed an Objection [Doc. # 6]. Appellants neither filed a reply nor requested an extension of the reply deadline. The Court has reviewed the record, including the proceedings before the Bankruptcy Court in the underlying adversary proceeding. Based on this review and the application of relevant legal authorities, the Court **denies** the Motion to Vacate Dismissal.

Appellants do not cite any legal authority for the requested relief. Although the Motion to Vacate Dismissal was filed within 28 days after entry of the Dismissal Order, Appellants neither allege manifest error of law or fact nor present newly-discovered evidence.[1] Instead, Appellants' counsel states that he "mis-calendared the

---

[1] As a general rule, a motion for reconsideration is treated as a Rule 59 motion if it is filed within twenty-eight days after entry of the judgment; otherwise, the motion is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). Rule 59, however, requires the movant to demonstrate errors or newly discovered evidence. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). In this case, Appellants assert neither a manifest error or law or fact, or the existence of newly-discovered evidence.

dates" for the designation of the record and the statement of issues on appeal. As to his failure to comply with the clear written notice from the Clerk of Court to cure the deficiencies within fourteen days or the appeal would be dismissed, Appellants' counsel states only that his is a small firm and that two attorneys and a paralegal left the firm "in recent months." As a result, it appears that Appellants rely on the excusable neglect provision of Rule 60(b)(1) of the Federal Rules of Civil Procedure.

Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Relief under this provision is inappropriate when the proffered justification is the "inadvertent mistake" of counsel. *See Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356-57 (5th Cir. 1993); *Long v. James*, __ F. App'x __, 2016 WL 4191178, *1 (5th Cir. Aug. 8, 2016); *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. Oct. 23, 2013). "Gross carelessness, ignorance of the rules, or ignorance of the law" are also insufficient bases for Rule 60(b)(1) relief. *Edward H. Bohlin*, 6 F.3d at 357. Indeed, granting relief on the sole basis of counsel's carelessness would be an abuse of discretion. *See id.*

In this case, Appellants' counsel admits that he mis-calendared the applicable deadline, and that he received the Clerk of Court's written notice of the deficiencies. Although Appellants' counsel states that he has now filed the designation of the

record on appeal, the designation he filed merely designates the entire record of the underlying adversary proceeding. *See* Appellants' Designation of Record on Appeal and Statement of Issues Pursuant to Rule 8006 [Doc. # 49] in Adversary Case No. 15-3178.

Moreover, the Court notes that Appellants' failure to cure the deficiencies by the deadline, even when provided written notice and an opportunity to cure that failure, is consistent with their conduct throughout the adversary proceeding. Appellants failed to comply in a timely fashion with their discovery obligations. Appellant Olsen and his son each failed to appear for his properly-noticed deposition, and each failed to notify the Trustee that he would not appear.[2] Appellant Olsen admitted during his deposition that the Debtor was insolvent when the preferential transfers were made, yet Appellants' counsel refused to stipulate to the insolvency issue. As a result, the Trustee was required to retain an expert to prepare an insolvency report, to which Appellants did not respond with a responsive expert report. In the Bankruptcy Court's Scheduling Order, a pretrial conference was scheduled for November 7, 2016, and all counsel were ordered to attend and be prepared to argue any pending dispositive motions. Although the Trustee's Motion

---

[2] Appellants promised to reimburse the Trustee for the expenses incurred due to the failure of Olsen and his son to appear for their depositions, but failed to comply with that promise. This caused the Trustee to file a motion seeking reimbursement, which the Bankruptcy Court granted.

for Summary Judgment was pending and scheduled to be argued at the November 7 conference, Appellants' counsel failed to appear.

Appellants have failed to establish a legal or factual basis for this Court to vacate the Dismissal Order pursuant to Rule 60(b)(1). Appellants have demonstrated, at best, that their attorney was extremely careless. He admits that he mis-calendared the original deadline for designation of the record and filing the statement of issues on appeal. He admits that he received the Clerk of Court's Notice of Deficiency and, inexplicably, failed to avail himself of the opportunity to cure the stated deficiencies. He failed to file a reply contesting any of the statements in the Trustee's Objection to the Motion. As a result, the Court exercises its discretion to deny relief from the Dismissal Order entered January 6, 2017. It is hereby

**ORDERED** that Appellants' Motion to Vacate Dismissal [Doc. # 4] is **DENIED**.

SIGNED at Houston, Texas this **7th** day of **February, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE